In Re GUARDIANSHIP HOWES' ESTATE

HOWES, Appellant v. HOWES, Respondent

(13 N. W.2d 668.)

(File No. 8635. Opinion filed March 22, 1944.)

**James McNenny**, of Deadwood, **Byron S. Payne**, of Pierre, for Appellant.

**Hayes & Rentto**, of Deadwood, for Respondent.

RUDOLPH, J. In November 1942, George S. Howes filed a petition in the County Court of Lawrence County asking that he be appointed guardian of the estate of the appellant Alfred Howes. Prior to the filing of this petition, Alfred Howes had never been adjudged incompetent. The petition states in substance that petitioner is a nephew of Alfred Howes; that Alfred Howes is the owner of certain property described in the petition; and that Alfred Howes is incompetent to manage his property. The petition also recites that Alfred Howes has no "living immediate relatives or next of kin, except myself and my brother Joe Howes also of Beulah, Wyoming; that my said brother is sixteen years older than I am; that I do not know the name of the person now having care of him; that when I last knew his whereabouts he was being cared for by Lawrence County, at its Hospital at Gayville; that he was taken therefrom

by Miss Margaret Bridge and others of Spearfish, South Dakota." Based upon this petition, the court held that good cause appeared for dispensing with notice of the filing of the petition and a hearing thereon and proceeded exparte to appoint the petitioner as the guardian of the estate of Alfred Howes. From this order Alfred Howes appealed to the circuit court, which affirmed the order of the county court and Alfred Howes has now appealed to this court.

Prior to the revision of our Code in 1939, the procedure for the appointment of a guardian for an incompetent person as found in § 3505, Code of 1919, was as follows:

"When it is represented to any county court, upon verified petition of any relative or friend, that any person is insane, or from any cause mentally incompetent to manage his property, the judge must cause notice to be given to the supposed insane or incompetent person of the time and place of hearing such petition, not less than five days before the time so appointed, and such person, if able to attend, must be produced before him on the hearing."

In the revision of 1939, the procedure relating to the appointment of guardians for minors and insane or incompetent persons was combined in SDC 35.18. The provision relating to the notice of hearing upon a petition for the appointment of a guardian is found in SDC 35.1802 and is as follows:

"When any such petition is filed, the court must, unless good cause is shown for dispensing with notice, in which event the appointment may be made without notice, direct that reasonable notice, the manner and method thereof to be determined by the court, be given to any person having the care or custody of the person for whom guardianship is sought and such relatives or other persons as the court determines should have notice of the application."

 Appellant contends that this 1939 provision, if construed to permit the appointment of a guardian for an alleged incompetent person without notice to such person, under any such showing of "good cause" as disclosed by this record, is unconstitutional in that it deprives such

person of his property without due process of law. Appellant finds support for this position in the following cases: McKinstry v. Dewey et al., 192 Iowa 753, 185 N. W. 565, 23 A. L. R. 587; Chase v. Hathaway, 14 Mass. 222; Eddy v. People, 15 Ill. 386; Martin v. Motsinger, 130 Ind. 555, 30 N. E. 532; McCurry v. Hooper, 12 Ala. 823, 46 Am. Dec. 280; Hutchins v. Johnson, 12 Conn. 376, 30 Am. Dec. 622; Jones v. Learned, 17 Colo. App. 76, 66 P. 1071; Hunt et al. v. Searcy et al., 167 Mo. 158, 67 S. W. 206; Evans v. Johnson, 39 W. Va. 299, 19 S. E. 623, 23 L. R. A. 737, 45 Am. St. Rep. 912. See also Turner et al. v. Ryan et al., 223 Iowa 191, 272 N. W. 60, 110 A. L. R. 554, and Hruska et al. v. Fahey, 230 Iowa 668, 298 N. W. 664, 138 A. L. R. 1359. However, we need not pass on this broad contention of appellant, for we are of the opinion that no good cause within the meaning of this statute has been shown which would justify the dispensing with notice to the alleged incompetent. The effect of the order appointing the first guardian for an alleged incompetent is to take from the owner the right of possession and control of his own property. It seems obvious to us, therefore, that when the statute provides for the dispensing with notice to the alleged incompetent when good cause is shown, such good cause must relate to something more than mere inconvenience to the petitioner in giving of notice to the alleged incompetent. In this case the only showing of good cause for dispensing with notice is that portion of the petition quoted above which states in effect that the petitioner, first, did not know the name of the person having care of the alleged incompetent. Second, that when petitioner last knew the whereabouts of the alleged incompetent he was being cared for by Lawrence County at its hospital at Gayville, and third, that he was taken from the hospital by Miss Margaret Bridge and others of Spearfish. Petitioner does not state that he had made any effort to locate the whereabouts of the alleged incompetent or that he had inquired from anyone concerning him. It would appear from the statement made by the petitioner that had he inquired of Miss Margaret Bridge, who he

alleges had taken Alfred Howes from the hospital, that she would have been able to tell him where Mr. Howes was then located. The most that petitioner alleged was that it would have caused him some inconvenience to locate Mr. Howes. Certainly there was no showing that Mr. Howes could not with reasonable diligence have been located and notified of the filing of the petition. Nor was there any showing of emergent necessity for the appointment of a guardian for Mr. Howes. Therefore, without attempting a comprehensive definition of the term "good cause" as used in the statute, we hold that the showing made was insufficient. Applications for the appointment of a guardian should, in our opinion, stand on virtually the same basis as applications for the appointment of a receiver. The effect of either application, if successful, is to take from the owner the right to the possession and control of his property. Ex parte applications for the appointment of a receiver, even under statutes permitting the appointment of a receiver without notice if good cause is shown, are not tolerated except in the cases of gravest emergency. Burton et al. v. Pepper et al., 116 Miss. 139, 76 So. 762; High on Receivers, Fourth Edition, page 128.

The order appealed from is reversed.

All the Judges concur.