PER CURIAM.
 

 Shirley Woldt and her mother, Oriole Kjellsen, appeal the District Court’s
 
 [1]
 
 reversal of the Bankruptcy Court’s denial of a motion to dismiss the Chapter 13 petition. We affirm.
 

 In 1990, a South Dakota Circuit Court found that Kjellson suffered from dementia which prevented her from adequately managing her estate. The Circuit Court further found that, on numerous occasions, Woldt had acted on behalf of Kjellson pursuant to a durable power of attorney and that there was evidence of overreaching by Woldt, including several loans and funds transfers which were not in Kjellsen’s best interests. In rejecting Woldt and appointing Terry Wieczorek as
 
 *946
 
 guardian of the estate, the Circuit Court concluded that the power of attorney should be terminated. Several days after his appointment, Wieezorek notified Woldt that he was revoking the power of attorney.
 

 In February 1993, a voluntary petition requesting relief under Chapter 13 of the Bankruptcy Code was filed by Woldt on Kjellsen’s behalf.
 
 [2]
 
 Wieezorek moved to dismiss the petition on the ground, inter alia, that as guardian, he was the only proper person to file the bankruptcy petition. The Bankruptcy Court denied the motion.
 
 See In re Kjellsen,
 
 155 B.R. 1013, 1021 (Bankr. D.S.D.1993) Wieezorek appealed, and the District Court reversed.
 
 See Wieczorek v. Woldt (In re Kjellsen),
 
 No. 93-4137 (D.S.D. Mar. 23, 1994).
 

 In this appeal, Woldt argues that the District Court lacked jurisdiction to hear the appeal of the Bankruptcy Court’s order and that she could properly file the petition on Kjellsen’s behalf.
 

 Contrary to Woldt’s assertion, the District Court possessed jurisdiction to hear the interlocutory appeal of the bankruptcy court’s denial of the dismissal motion.
 
 See
 
 28 U.S.C. § 158(a) (1988);
 
 Ichinose v. Homer Nat. Bank,
 
 946 F.2d 1169, 1177 (5th Cir.1991)
 
 (In re Ichinose)
 
 (explaining that district court can entertain interlocutory appeal of denial of dismissal motion). We have jurisdiction over the instant appeal because the District Court’s dismissal of the bankruptcy petition is a final order.
 
 See In re Ichinose,
 
 946 F.2d at 1177;
 
 see also
 
 28 U.S.C. § 158(d).
 

 When reviewing bankruptcy court decisions, we act as a second court of review. Like the District Court, we review questions of law de novo, and factual findings for clear error.
 
 See In re Graven,
 
 936 F.2d 378, 382 (8th Cir.1991). We agree with the District Court that Woldt lacked authority to file the petition on Kjellsen’s behalf. In general, state law determines who has the authority to file a bankruptcy petition on behalf of another.
 
 Cf. Keenihan v. Heritage Press, Inc.,
 
 19 F.3d 1255, 1258 (8th Cir.1994) (looking to state law to determine who could file bankruptcy petition on behalf of corporation). It is undisputed that under South Dakota law in effect at the time of the petition’s filing, the guardian of Kjellsen’s estate had exclusive control over her property.
 
 See
 
 S.D. Codified Laws Ann. § 30-27-6 (1984) (repealed 1993);
 
 In re Guardianship of Estate of Howe,
 
 69 S.D. 623, 13 N.W.2d 668, 669 (1944). As bankruptcy proceedings concern the disposition of property,
 
 see
 
 11 U.S.C. § 541(a) (1988) (filing of petition creates bankruptcy estate), and as Wieezorek had exclusive control over Kjellsen’s property, Woldt and Kjellsen necessarily lacked authority to file the bankruptcy petition.
 

 Further, Bankruptcy Rule 7017 incorporates Federal Rule of Civil Procedure 17 for adversary proceedings. Rule 17(c) provides: ‘Whenever an ... incompetent person has a representative, such as a general guardian ..., the representative may sue ... on behalf of the ... incompetent person. An ... incompetent person who does not have a duly appointed representative may sue by next friend or by a guardian ad litem.” As the District Court correctly determined, Rule 17(c) does not provide for a suit by a next friend when an incompetent already has a duly appointed representative; as Wieezorek was the duly appointed representative, Woldt could not maintain a suit on Kjellsen’s behalf.
 
 See Garrick v. Weaver,
 
 888 F.2d 687, 692-93 (10th Cir.1989).
 

 Accordingly, the District Court’s judgment dismissing the bankruptcy petition is affirmed.
 

 [1]
 

 . The Honorable John B. Jones, Senior United States District Judge for the District of South Dakota.
 

 [2]
 

 .
 
 Under Woldt's signature she typed "Durable Power of Attorney.” Kjellsen also purportedly signed the petition.