In re JONES TRUCK LINES, INC., An
Arkansas Corporation, Debtor.

JONES TRUCK LINES, INC., Appellee,

v.

FOSTER'S TRUCK & EQUIPMENT
SALES, INC., Appellant.

No. 94–3860.

United States Court of Appeals,
Eighth Circuit.

Submitted May 19, 1995.

Decided Aug. 7, 1995.

Rehearing and Suggestion for Rehearing
En Banc Denied Sept. 20, 1995.

Gary E. Snodgrass, St. Louis, MO, argued (Daniel T. Rabbitt and Robyn R. Lundt, St. Louis, MO, on the brief), for appellant.

Troy Anthony Price, Little Rock, AR, argued (Charles T. Coleman and James J. Glover, Little Rock, AR, on the brief), for appellee.

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.

BOWMAN, Circuit Judge.

Foster's Truck and Equipment Sales, Inc., appeals the order of the District Court affirming the Bankruptcy Court's entry of default judgment in favor of Jones Truck Lines, Inc., and its supplemental order denying Foster's motion for relief from that judgment. We reverse.

Jones, the debtor in the bankruptcy case to which this adversary proceeding relates, brings this action to recover from Foster's an alleged preferential transfer of $114,836. Jones filed its complaint in the Bankruptcy Court on June 25, 1993, and the clerk's office issued a summons on June 28, 1993. Jones's attorney mailed the summons and a copy of the complaint to William Foster, president of Foster's, and to K.C. Cohen, Foster's attorney, on June 30, 1993.

Pursuant to Rule 7012(a) of the Federal Rules of Bankruptcy Procedure, the summons required Foster's to submit a motion or an answer to the complaint within thirty days after the date the summons was issued. Cohen entered an appearance in the case July 30, 1993, but Foster's did not file its answer to the complaint until August 31, 1993. On December 3, 1993, after Foster's had moved for summary judgment and Jones had responded to that motion, Jones filed a motion to strike the answer and for default judgment. In the course of striking the answer and granting default judgment, the Bankruptcy Court found that the actions of Foster's counsel "constitute a willful flaunting of the deadline" for answering the complaint, and that counsel had "intentionally disregarded the applicable rules of civil procedure that govern civil litigation." *Jones Truck Lines, Inc. v. Foster's Truck & Equipment Sales, Inc. (In re Jones Truck Lines, Inc.)*, 172 B.R. 264, 268 (Bankr.W.D.Ark.1994) (Supp.Order).

In bankruptcy proceedings, this Court sits as a second court of review, applying the same standards of review as the District Court. *See Wieczorek v. Woldt (In re Kjellsen)*, 53 F.3d 944, 946 (8th Cir.1995) (per curiam). We review the findings of fact of a bankruptcy court for clear error and its conclusions of law *de novo*. *Id.* This appeal challenges the Bankruptcy Court's decisions to strike Foster's answer, to enter default judgment, and to deny a motion to set aside the default judgment. These decisions are within the sound discretion of a bankruptcy court, and we will not reverse such a decision unless that court has abused its discretion. *See United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th

Cir.1993) (reviewing default judgment and ruling on motion to set aside default judgment).

The court treated Foster's motion to set aside the default judgment as a "motion for new trial under Bankruptcy Rule 9023" and then proceeded to consider whether counsel had demonstrated the excusable neglect that would entitle Foster's to an extension of time for filing an answer under Federal Rule of Bankruptcy Procedure 9006(b)(1). 172 B.R. at 267. The court concluded that counsel for Foster's could not demonstrate excusable neglect. *Id.* at 268. Foster's argues that the Bankruptcy Court erred when it measured Foster's actions by the "excusable neglect" standard rather than the less stringent "good cause shown" standard of Federal Rule of Civil Procedure 55(c). We conclude that the Bankruptcy Court abused its discretion when it refused to set aside the default judgment under the excusable neglect standard, and thus we do not need to consider Foster's argument regarding whether that standard was appropriate.[1]

In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* a bankruptcy case, the Supreme Court considered whether "an attorney's inadvertent failure to file a proof of claim within the deadline set by the court can constitute 'excusable neglect' within the meaning of [Rule 9006(b)(1) ]." —— U.S. ——, ——, 113 S.Ct. 1489, 1492, 123 L.Ed.2d 74 (1993). Concluding that such a failure could constitute excusable neglect, the Court listed a number of factors that a trial court should consider when making what is essentially an equitable determination. The factors include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at ——, 113 S.Ct. at 1498.

Applying the *Pioneer* factors, the Bankruptcy Court in this case found that "the length of the delay and its potential impact on judicial proceedings is not significant."

Supp.Order at 8. The court also found that Foster's had acted in good faith, but failed to make a finding on whether Foster's delayed answer caused any prejudice to Jones. The court nonetheless entered default judgment against Foster's based on its conclusion that the final factor, concerning the reason for the delay and whether it was within Foster's control, weighed "heavily" against Foster's because the actions of Foster's counsel constituted "a willful flaunting of the deadline." *Id.*

■ Because the Bankruptcy Court failed to make a finding on one of the *Pioneer* factors, we will now consider whether the evidence relating to that factor supports the court's conclusion that the late filing was not due to excusable neglect. Jones first raised the default with Foster's by a letter dated August 25, 1993, but permitted the litigation to continue without moving for a default judgment until December 3, 1993. Moreover, when Jones filed its motion to strike the answer and for default judgment it already had responded to Foster's post-answer motion for summary judgment. Had default judgment not been entered, this case could have proceeded promptly to a determination of the summary judgment motion. In these circumstances, we conclude that Jones was not prejudiced by the delay. This record would not support a finding to the contrary, so we make this ruling as a matter of law. Three of the four *Pioneer* factors therefore weigh in favor of granting Foster's motion to set aside the default judgment.

■ We turn to the fourth factor, which focuses on the reason for the delay, including whether the delay was within Foster's control. The Bankruptcy Court held that this factor weighed "heavily" against a finding of excusable neglect. We cannot agree with that assessment. While the delay was admittedly within Foster's control, the reasons proffered by Foster's do not, contrary to the Bankruptcy Court's findings, constitute a "willful flaunting of the deadline." Foster's counsel testified that he delayed because he wanted to save additional expenses for both

---

1. Our decision also makes it unnecessary to address Foster's argument that the Bankruptcy Court abused its discretion when it struck Foster's answer and entered the default judgment.

Foster's and Jones, presumably by pursuing an out-of-court settlement. Transcript of Hearing on Defendant's Motion to Reconsider Order Granting Default Judgment at 36, 34 (Tr.). Correspondence between counsel for the parties in this case indicates that both sides were interested in pursuing settlement negotiations during the period when Foster's time for filing its answer was running. *See* Correspondence *reproduced at* Foster's Appendix at 112–14, 175–78. While Foster's counsel's assumption that Arkansas bankruptcy practice was similar to the practice in his home state of Indiana perhaps was unwarranted,[2] we do not think that it is so egregious that the case should be terminated by a default judgment. The Bankruptcy Court itself properly characterized counsel's erroneous assumption as a "mistake." Tr. at 57. As soon as Jones brought the matter to Foster's attention by a letter dated August 25, 1993, Foster's filed its answer. The answer is dated August 30 and was filed in the Bankruptcy Court August 31, 1993. The evidence in the record does not support the Bankruptcy Court's finding that Foster's willfully flaunted the court's deadlines and the applicable rules of procedure. Because of this clearly erroneous finding of fact, we conclude that the court gave too much weight to this factor in its excusable neglect analysis. In the circumstances of this case, the balance of the equities weighs strongly in favor of a finding that Foster's delay was the result of excusable neglect.

The entry of default judgment is not favored by the law, *Harre*, 983 F.2d at 130, and "should be a 'rare judicial act,'" *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir.1993) (quoting *Edgar v. Slaughter*, 548 F.2d 770, 773 (8th Cir.1977)). A court abuses its discretion if it enters a default judgment "for a marginal failure to comply with the time requirements." *Harre*, 983 F.2d at 130. It is abundantly clear to this Court that the delayed filing of Foster's answer resulted in no detriment of any kind to either the Bankruptcy Court or Jones, and that Foster's has shown excusable neglect.

2. Counsel testified that in Indiana the bankruptcy courts do not require a responsive pleading until after the pre-trial conference. Tr. at 41–43. While this explanation of counsel's failure to file an answer is not compelling, it does run counter to a finding that counsel willfully flaunted the deadline.

In sum, we hold that the Bankruptcy Court based its decision on a clearly erroneous finding of fact and misapplied the *Pioneer* factors. Foster's has demonstrated excusable neglect based on the *Pioneer* factors, and the Bankruptcy Court abused its discretion by denying Foster's motion to set aside the default judgment. The judgment of the District Court affirming the Bankruptcy Court's denial of the motion to set aside the default judgment is therefore reversed, and the case is remanded for further proceedings consistent with this opinion.