_____

No. 95-2435
_____

In re: Ralph C. Roso,          *
                               *
          Debtor.              *
                               *  Appeal from the United States
------------------------------ *  District Court for the
                               *  District of North Dakota.
United States of America,      *
                               *
          Appellant,           *
                               *
     v.                        *
                               *
Ralph C. Roso,                 *
                               *
          Appellee.            *

_____

          Submitted:  December 11, 1995

          Filed:  January 30, 1996
_____

Before BOWMAN and LOKEN, Circuit Judges, and SCHWARZER,[*] District
     Judge.
_____

BOWMAN, Circuit Judge.


     Chapter 13 of the Bankruptcy Code requires that, before
approving a debtor's plan, a bankruptcy court must find that "with
respect to each allowed secured claim . . . the value, as of the
effective date of the plan, of property to be distributed under the
plan on account of such claim is not less than the allowed amount
of such claim."  11 U.S.C. § 1325(a)(5)(B)(ii) (1994).  We have

_____

     *THE  HONORABLE  WILLIAM  W.  SCHWARZER,  United  States
District Judge for the Northern District of California,
sitting by designation.

interpreted this statutory language to require that such claims be "valued under the `market rate' approach" and receive a "`market rate' of interest." USDA v. Fisher (In re Fisher), 930 F.2d 1361, 1363 (8th Cir. 1991) (Chapter 12). This case requires us to examine the meaning of a "market rate of interest."

Ralph C. Roso filed for bankruptcy under Chapter 13. The United States, through the Farmers Home Administration (FmHA), is a secured creditor. In his plan, Roso proposed to retain possession of his property and repay his debt to the FmHA (as reduced under his proposed plan) at an interest rate of 6.5%. The FmHA objected to the plan, arguing that 6.5% is below the market rate of interest. The Bankruptcy Court confirmed the plan over the government's objection, and the District Court affirmed the Bankruptcy Court's decision.

In the hearing before the Bankruptcy Court, which was held on July 18, 1994, the government offered the testimony of Rodney Hogan, a farm loan specialist employed by the FmHA. Hogan testified that the FmHA has two rates for real estate and secured chattel loans: a subsidized rate for beginning farmers and a regular rate. Hogan testified that as of July 1, 1994, the two rates were 5% and 8% respectively. He also testified that the interest rates offered by commercial lenders varied between 8% and 11% depending on the length of the repayment term and the collateral securing the loan. On cross-examination, Hogan explained that the FmHA makes the subsidized loans to new farmers under a special program. Under that program, the FmHA first offers real estate in its inventory to new farmers at a subsidized interest rate before allowing the general public to bid on the land. Hogan further explained that the FmHA would earn 5% interest on a loan if the FmHA foreclosed on Roso's land and sold it with a mortgage to a new farmer, but would earn 8% interest if, after first offering the land to new farmers, the FmHA sold the land to a buyer who was not eligible for the special program.

Roso, splitting the difference between the 5% and 8% FmHA interest rates, argued that 6.5% is a reasonable market rate of interest. The Bankruptcy Court and the District Court agreed with Roso. The District Court rejected the government's contention that a market rate of interest under Fisher is the same as the rate that would be available from commercial lenders. The court held "that the bankruptcy court was authorized to consider the unique statutory position of the FMhA [sic] in determining `market value.'" United States v. Roso (In re Roso), No. A1-94-120, Mem. & Order at 3 (D.N.D. Apr. 6, 1995). The government timely appeals. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(d) (1994), and we now reverse.

"In bankruptcy proceedings, this Court sits as a second court of review, applying the same standards of review as the District Court." Jones Truck Lines, Inc., v. Foster's Truck & Equip. Sales, Inc. (In re Jones Truck Lines, Inc.), 63 F.3d 685, 686 (8th Cir. 1995). "We review the findings of fact of a bankruptcy court for clear error and its conclusions of law de novo." Id. The determination of the factors that appropriately may be considered when calculating the market rate of interest is an issue of law, while the final determination of the market rate is an issue of fact.

We conclude that the Bankruptcy Court should not have considered the subsidized interest rate available to new farmers. By definition, a subsidized rate of interest is not a market rate of interest. It is a rate of interest below the market rate. The government administers a program, designed to assist new farmers, in which the new farmer pays only 5% interest on his or her FmHA loan. The 5% rate is below the market rate of interest. The difference between the 5% rate and the market rate is a subsidy provided by the government to the subsidized borrower. Roso does not argue that he would be entitled to the 5% subsidized rate of interest; to the contrary, it is undisputed that Roso cannot

qualify for the FmHA's special new-farmer program.  It is also undisputed that Roso could not obtain a loan at a 5% rate of interest were he to seek a loan in the market.  The best rate of interest that Roso could hope to obtain, as shown by this record, is 8%.

In sum, we conclude that the Bankruptcy Court's finding that the market rate of interest is 6.5% is clearly erroneous because it is based on an error of law.  The market rate of interest within the meaning of <u>Fisher</u> cannot be determined by reference to a subsidized rate of interest offered by the FmHA to new farmers. The judgment of the District Court affirming the judgment of the Bankruptcy Court is reversed, and the case is remanded to the District Court with instructions to remand the case to the Bankruptcy Court to decide in the first instance the market rate of interest without considering the subsidized 5% rate available to new farmers through the FmHA.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.