_____

No. 95-3110
_____

Rene Lee Meseraull, also known        *
as Rene Lee O'Donnell,                *
                                      *
          Appellant,                  *
                                      *   Appeal from the United States
     v.                               *   District Court for the
                                      *   Northern District of Iowa.
Rick Miller Construction, Inc.        *
                                      *
          Appellee.                   *   [UNPUBLISHED]


_____

          Submitted:  February 23, 1996

             Filed:  April 19, 1996
_____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
_____

PER CURIAM.


     Chapter 7 bankruptcy debtor Rene Lee Meseraull appeals from the
district court's[1] order affirming the order of the bankruptcy court[2]
denying her motion to avoid the judicial lien of Rick Miller Construction,
Inc.  We affirm.


     In her voluntary Chapter 7 bankruptcy petition, Meseraull listed Rick
Miller Construction, Inc. (Miller), as a secured creditor holding a $43,000
claim against her; the claim had been reduced to a judgment lien against
her homestead.  The parties stipulated that Miller had restored Meseraull's
homestead after it

_____

     [1]The Honorable Edward J. McManus, United States District Judge
for the Northern District of Iowa.

     [2]The Honorable Paul J. Kilburg, United States Bankruptcy Judge
for the Northern District of Iowa.

was damaged by fire, and that Meseraull's debt to Miller was exclusively for work done, and materials furnished, to restore the homestead. Meseraull claimed her homestead as property that was exempt pursuant to 11 U.S.C. § 522 from the bankruptcy estate under Iowa Code § 561 (1993); Miller did not object to the claimed exemption. Meseraull then moved to avoid Miller's judicial lien under 11 U.S.C. § 522(f), arguing the lien encumbered exempt property. Miller objected, arguing the lien was not avoidable because a homestead is not exempt from the sort of debt Meseraull owed it pursuant to Iowa Code § 561.21(3).

After a hearing, the bankruptcy court denied Meseraull's motion and sustained Miller's objection. The bankruptcy court first determined that Miller could raise exemption issues in objection to Meseraull's lien avoidance motion, even though it failed to timely object to her claimed exemption. Relying on In re Streeper, 158 B.R. 783 (Bankr. N.D. Iowa 1993), the bankruptcy court noted that Iowa law defined the homestead exemption to exclude a homestead subject to a lien for a section 561.21(3) debt, and concluded that, as Meseraull's homestead thus would not be exempt even if the lien were avoided, Miller's lien was not avoidable based on the analysis in Owen v. Owen, 500 U.S. 305 (1991). The district court affirmed the bankruptcy court's order.

On appeal, Meseraull challenges both the bankruptcy court's conclusions. This court sits as a second court of review in bankruptcy proceedings, applying the same standard of review as the district court. In re Kjellsen, 53 F.3d 944, 946 (8th Cir. 1995) (per curiam). We review de novo the bankruptcy court's conclusions of law, and for clear error its findings of fact. Id.

We conclude that Miller is precluded from challenging Meseraull's homestead's exemption from the bankruptcy estate, because Miller never filed an objection. See Abramowitz v. Palmer, 999 F.2d 1274, 1276-77 (8th Cir. 1993). Miller's failure to object

to the claimed exemption, however, does not bar it from challenging Meseraull's ability to avoid the lien.  See In re Montgomery, 80 B.R. 385, 388 (Bankr. W.D. Tex. 1987); In re Indvik, 118 B.R. 993, 1007 (Bankr. N.D. Iowa 1990).

States are allowed to opt out of the federal exemption scheme contained in the Bankruptcy Code, thereby determining what property debtors may exempt from the bankruptcy estate.  See 11 U.S.C. § 522(b); In re Gerrald, 57 F.3d 652, 654 (8th Cir. 1995).  Iowa has opted out of the federal exemption scheme.  See Iowa Code § 627.10 (1992).  Iowa Code § 561.16 provides that "the homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary."  Section 561.21 contains a special declaration to the contrary, providing that a "homestead may be sold to satisfy debts . . . incurred for work done or materials furnished exclusively for the improvement of the homestead."

Federal law applies to determine whether a lien may be avoided under section 522(f), In re Thompson, 884 F.2d 1100, 1102 (8th Cir. 1989), and Meseraull had the burden of establishing that she was entitled to avoid Miller's lien, see In re Catli, 999 F.2d 1405, 1406 (9th Cir. 1993).  In Owen, the Supreme Court held that a judicial lien may impair an exemption even though an opt-out state's statutory definition of exempt property specifically excludes property encumbered by judicial liens.  Owen, 500 U.S. at 306, 308-11.  In determining whether such a lien is avoidable the question is "not whether the lien impairs an exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which [she] would have been entitled but for the lien itself."  Id. at 310-13.  Under Iowa law, homesteads are not exempt from section 561.21(3) debt.  Accordingly, Miller's lien does not impair an exemption to which Meseraull would be entitled but for the lien, as even if Miller's lien were avoided, Meseraull's homestead would not be exempt from her debt to Miller.  Thus, Meseraull has not met her

burden of establishing that she is entitled to avoid Miller's lien.

Accordingly, we affirm the order of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.