# United States Bankruptcy Appellate Panel

## FOR THE EIGHTH CIRCUIT

No. 97-6025WM

In re:                                          *
                                                *
JAY WORLEY KINGSLEY and                         *
CHARLENE KAY KINGSLEY,                          *
                                                *    Appeal from the United States
          Debtors.                              *    Bankruptcy Court for the
                                                *    Western District of Missouri
DANNY R. NELSON, Trustee,                       *
                                                *
          Plaintiff-Appellee,                   *
     -v.-                                        *
                                                *
CHARLENE KAY KINGSLEY,                          *
                                                *
          Defendant-Appellant,                  *
                                                *
BANC ONE CORPORATION; SOUTHERN                  *
NATIONAL CORPORATION, formerly                  *
known as BB&T Financial                         *
Corporation; and PROMISE LAND                   *
EXPRESS TRUST, a Missouri Express               *
Trust,                                          *
                                                *
          Defendants,                           *
                                                *
KIMAN JAY KINGSLEY, Individually                *
and as Co-Trustee of Promise Land               *
Express Trust; KALEB MILFERD                    *
KINGSLEY, Individually and as Co-               *
Trustee of Promise Land Express                 *
Trust; KALAND WORLEY KINGSLEY,                  *
Individually and as Co-Trustee of               *
Promise Land Express Trust; KAREN               *
KAY KINGSLEY, Individually and as               *
Co-Trustees of Promise Land                     *
Express Trust,                                  *
                                                *
          Defendants-Appellants.                *

Submitted: April 18, 1997.

Filed: May 23, 1997.

———————

Before DREHER, KRESSEL, and SCHERMER, Bankruptcy Judges.

———————

DREHER, Bankruptcy Judge

This is an appeal from an order of the bankruptcy court,[1] granting a motion by the trustee, Plaintiff-Appellee, for summary judgment in his favor and against all Defendants.[2]

I.    BACKGROUND AND PROCEDURAL HISTORY

On March 18, 1993, Debtors filed their current Chapter 12 bankruptcy case.[3] In an Amended Schedule B they listed 1,109 shares of Banc One Corporation and 400 shares of BB&T Financial Corporation,

———————

[1]    The Honorable Arthur B. Federman, United States Bankruptcy Judge, Western District of Missouri.

[2]    Appellants have also filed an Application which seeks summary judgment in their favor and a trial by jury. This court construes the application as a motion for summary judgment or, alternatively, a demand for jury trial, neither of which are appropriately made on appeal. The Application is denied.

[3]    This action is but one in a variety of cases and proceedings involving these Debtors over the past eight years. In re Kingsley, 162 B.R. 249, 250 (Bankr. W.D. Mo. 1994). Debtors filed their first Chapter 12 case on the eve of a scheduled foreclosure on their farm. They dismissed that case in September, 1987. In the face of another foreclosure, they filed a second Chapter 12 case on August 28, 1989 which case was dismissed by the court. This adversary proceeding arises out of their third Chapter 12 filing made on March 18, 1993, again in the face of a pending foreclosure.

now Southern National Corporation, stock as their personal property. The case was subsequently converted to a case under Chapter 7[4] and Plaintiff-Appellee was appointed trustee.

Debtor, Charlene Kay Kingsley, owned the stock.  She had pledged it to Mount Vernon Bank as additional collateral to secure a mortgage on Debtors' farm, which mortgage was subsequently foreclosed.  The trustee filed an adversary proceeding seeking turnover of the stock certificates from the bank.  The bankruptcy court granted the trustee's motion and also allowed Debtors fifteen days in which to amend the exemption schedules, but they did not do so.  They have not claimed the stock as exempt.  Thereafter, the bank complied with the order and delivered the certificates to the trustee. Before the trustee sought a change of record ownership, Charlene Kay Kingsley herself contacted the transfer agents for the stock and arranged to have record title transferred to Promise Land Express Trust, a trust created by Debtors.  Defendants, Kiman Jay Kingsley, Kaland Worley Kingsley, Karen Kay Kingsley, and Kaleb Milferd Kingsley, the four children of Debtors, were named co-trustees of Promise Land Express Trust.  The bankruptcy court had not authorized these transfers.

The trustee then filed this adversary proceeding against Charlene Kay Kingsley, Banc One Corporation, and Southern National

---

[4]     The record does not reflect how the conversion occurred.

Corporation. He subsequently amended the Complaint by adding Promise Land Express Trust and the children/co-trustees as Defendants. In Counts I, III, V, and VII of the Second Amended Complaint, the trustee sought avoidance of the transfers under § 549(a) of the Bankruptcy Code, recovery of the stock or its value under § 550, and turnover of the stock under § 542. None of the Defendants-Appellants answered the Complaint, as originally filed or as amended. In response to a motion for a temporary restraining order which the trustee sought at the commencement of the case, Debtors[5] did file a document entitled "Findings of Fact." The bankruptcy court treated this document as a form of general denial by Charlene Kay Kingsley of the allegations in the original Complaint.

The trustee then moved for summary judgment on Counts I, III, V, and VII and for dismissal of the remaining Counts of the Second Amended Complaint under Bankruptcy Rule 7041. In response, Debtors filed a document entitled "Dismissal of Counts I, III, V, and VII with Prejudice," without supporting affidavits. Apparently the bankruptcy court considered this document to be Charlene Kay Kingsley's response to the trustee's motion. The bankruptcy court granted summary judgment in favor of the trustee and dismissal of the

---

[5] Debtor, Jay Worley Kingsley, has signed a number of pleadings in the case and also signed the briefs of Defendants-Appellants on appeal, even though he is not a party in this adversary proceeding.

4

remaining counts of the Complaint.  The court then entered judgment which required Charlene Kay Kingsley, Promise Land Express Trust and the children/co-trustees to turn over the stock certificates or their equivalent value to the trustee.  It further ordered Banc One Corporation and Southern National Corporation to register the stock in the trustee's name.

II.  DISCUSSION

Summary judgment is governed by Federal Rule of Civil Procedure 56, and is made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056.  Civil Rule 56 provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).  The moving party on summary judgment bears the initial burden of showing that there is an absence of evidence to support the nonmoving party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  If the moving party is the plaintiff, it carries the additional burden of presenting evidence that establishes all elements of the plaintiff's claim. Id. at 324.  The burden then shifts to the nonmoving party to produce evidence that would support a finding in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-52 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio

5

<u>Corp.</u>, 475 U.S. 574, 586 (1986); <u>Christians v. Crystal Evangelical Free Church</u> (<u>In re Young</u>), 82 F.3d 1407, 1413 (8th Cir. 1996).

A reviewing court reviews the grant of summary judgment <u>de novo</u>, <u>Waugh v. Internal Revenue Serv.</u> (<u>In re Waugh</u>), 109 F.3d 489, 491 (8th Cir. 1997), with its findings of fact reviewed for clear error. <u>Young</u>, 82 F.3d at 1413; <u>United States v. Roso</u> (<u>In re Roso</u>), 76 F.3d 179, 181 (8th Cir. 1996). The question before the court on appeal is whether the record, when viewed in the light most favorable to the Appellants, shows that there is no genuine issue as to any material fact and that the Appellee was entitled to judgment as a matter of law. <u>Id</u>.

Section 549 of the Bankruptcy Code provides that a trustee may avoid a transfer of property of the estate that occurs after the commencement of the case and that is not authorized. 11 U.S.C. § 549(a). Section 549(a) involves a four-part inquiry. The trustee must show that: (1) after commencement of the bankruptcy in question; (2) property of the estate; (3) was transferred; and (4) the transfer was not authorized by the bankruptcy court or by a provision of the Bankruptcy Code. <u>Gibson v. United States</u> (<u>In re Russell</u>), 927 F.2d 413, 417 (8th Cir. 1991); <u>Shields v. Duggan</u> (<u>In re Dartco, Inc.</u>), 197 B.R. 860, 865 (Bankr. D. Minn. 1996). Section 550 of the Code further provides that, to the extent a transfer is avoided under § 549, the trustee may recover for the benefit of the estate the

property transferred or the value of such property from the initial transferee or the entity for whose benefit such transfer was made. Section 542 of the Code compels parties in possession of nonexempt property of the estate to turn such property over to the trustee.

The bankruptcy court properly granted judgment against Appellants because the pleadings, documents and admissions on file showed that there was no genuine issue of material fact and that Appellee was entitled to judgment in his favor as a matter of law. The undisputed facts were as follows: (1) after commencement of the bankruptcy case; (2) stock which was property of the estate and was not claimed as exempt; (3) was transferred at the request of Charlene Kay Kingsley to Promise Land Express Trust; and (4) the transfers were not authorized either by the bankruptcy court or by a provision of the Bankruptcy Code. Appellants failed to dispute any of these facts and failed to set forth specific facts showing that there is a genuine issue for trial.

Appellants' brief asserts that Debtors were the victims of a fraud and a conspiracy precipitated upon them by the Federal Land Bank, their lawyer who defended the foreclosure action (who they assert was an undercover agent for the Federal Land Bank), their bankruptcy lawyer (who they assert filed a fraudulent bankruptcy petition on their behalf), and the bankruptcy judge (who denied them a jury trial), all of which they assert resulted in an improper

foreclosure and the loss of the Debtors' farm. They assert that the issue on appeal is whether there was sufficient evidence to find that Debtors lost their farm by reason of the fraud of these persons, and perhaps others. This argument confuses the issues presented by this appeal with issues that may have had some importance in earlier proceedings. In the action giving rise to this appeal, the bankruptcy court did not, and it did not need to, find fraud; fraud is not an element of a cause of action under §§ 542, 549 or 550. To the extent Appellants are attempting to attack the state court foreclosure judgment, they are doing so in the wrong proceeding. Also, in their Reply Brief appellants seem to be asserting for the first time on appeal that the conversion of the Debtors' case from a Chapter 12 to a Chapter 7 was improper. That argument also goes to the propriety of orders which are not involved in this appeal.

ACCORDINGLY, IT IS HEREBY ORDERED THAT the bankruptcy court's order granting summary judgment is AFFIRMED.

A true copy.

Attest:


    CLERK, U.S. BANKRUPTCY APPELLATE PANEL
    FOR THE EIGHTH CIRCUIT