**In re Scott G. ELLINGSON and Cynthia J. Ellingson, Debtors.**

**FEDERAL LAND BANK OF OMAHA, Plaintiff,**

v.

**Scott G. ELLINGSON and Cynthia J. Ellingson, Defendants.**

**Bankruptcy No. 85–01638W.
No. C 86–0060.**

United States District Court, N.D. Iowa, Cedar Rapids Division.

Sept. 30, 1986.

William A. Long, Eagle Grove, Iowa, for Scott G. and Cynthia J. Ellingson.

Tim Hogan, Cedar Rapids, Iowa, for Federal Land Bank.

## ORDER ON APPEAL

HANSEN, District Judge.

This case is before the court on plaintiff Federal Land Bank of Omaha's appeal from the order of the bankruptcy court (Honorable Thomas Wood, Judge) overruling the plaintiff's objection to debtors' homestead exemption. Plaintiff Federal Land Bank of Omaha (Bank) has filed a brief in this appeal. The court, having reviewed the record on appeal and read the brief, determines that the bankruptcy judge's decision is incorrect and should be overruled.

The factual background of this case is not in dispute. Briefly, the facts are as follows: On April 9, 1980, the debtors, Scott G. Ellingson and Cynthia J. Ellingson, purchased 95.06 acres of Hardin County, Iowa farmland. To finance the purchase, they borrowed $110,000 from the Federal Land Bank of Omaha by executing a note to the Bank. To secure its loan, the Bank took a mortgage on the property. On May 16, 1983, the debtors purchased on contract a second parcel of land in Hardin County. Later, they moved onto this second parcel of land and made it their homestead. On July 30, 1985, the debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code and submitted a list of property that they claimed as exempt, including their current homestead. The Bank filed a timely objection to the homestead exemption claimed by the debtors. At the time of the hearing held on the Bank's objection, the Bank's claim was in excess of the value of the collateral, rendering the Bank an unsecured creditor. It appears that all of the debtors' other non-exempt property is overencumbered by valid security interests. On February 5, 1986, the bankruptcy court entered an order overruling the Bank's objection to the homestead exemption. The Bank moved to amend judgment. After the bankruptcy court entered an order denying the motion to amend, the Bank filed this timely appeal.

### Conclusions of Law

1. This court has jurisdiction over the parties and subject matter jurisdiction over the issues raised by this appeal.

2. The analysis begins with an examination of the exemption provisions of the Bankruptcy Code. Under Section 541 of the Code, upon commencement of the case, all of the property interests of the debtor become property of the estate. 11 U.S.C. § 541(a) (1986). Thereafter, the debtor is allowed to exempt certain property. 11 U.S.C. § 522(b) (1986). Iowa has chosen to opt out of the federal exemption scheme. Iowa Code § 627.10 (1985). Consequently, Iowa exemptions are utilized in bankruptcy pursuant to 11 U.S.C. § 522(b)(2)(A).

■ Iowa's homestead exemption scheme is embodied in Iowa Code § 561.16 (1985):

> The homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary. . . .

Section 561.21 of the Iowa Code sets out the types of debts for which a homestead may be sold. Section 561.21(1) provides:

> The homestead may be sold to satisfy debts of each of the following classes:
>
> 1. Those contracted prior to its acquisition, but then only to satisfy a deficiency remaining after exhausting the other property of the debtor, liable to execution.

The bankruptcy court found that the Bank has an unsecured claim based upon a debt which was incurred by the debtors prior to the acquisition of their homestead. The Bank claims that under Iowa law, the homestead cannot be claimed as exempt from the bankruptcy estate since the debt-

ors' debt was contracted prior to the homestead purchase.

Under Iowa law, the debtors' homestead is exposed to the Bank's claim. The facts here specifically match the language of Iowa Code § 561.21(1), which expresses quite clearly the intent of the Iowa legislature to limit the circumstances under which a homestead is exempt from sale. It is clear that the debt here was contracted prior to the acquisition of the homestead. This court is not without sympathy to debtors' position, but may not allow that sympathy to override the expressed intent of the Iowa legislature.

■ Debtors claim that in order for the Bank to proceed against the homestead, not only must the Bank be a creditor prior to the debtors' acquisition of the homestead, but, in addition, the Bank must reduce that debt to judgment before the debtors file in bankruptcy. No such requirement exists in the Iowa Code.

The cases relied on by the debtors, *Harris v. Hoffman*, 379 F.2d 413 (8th Cir.1967) and *In re Zeisman*, Slip Op. No. 83–03017 (Bankr.N.D.Iowa, May 31, 1985), either have been misconstrued, or in the case of *In re Zeisman*, rest on a misreading of the Bankruptcy Code.

*Harris v. Hoffman* involved a creditor who sought to stay a debtor's discharge from bankruptcy long enough to allow the creditor to perfect a lien in state court. It is fundamental to an understanding of *Harris* to remember that it arose under the former Bankruptcy Act as did the case of *Lockwood v. Exchange Bank*, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903), which permitted such stays to be entered upon a prima facie showing of a waiver of the debtor of an otherwise valid exemption. The referee in bankruptcy denied the request for stay, the district court reversed the referee and the Eighth Circuit reversed the district court and reinstated the referee's decision that no prima facie showing had been made by the creditor of a waiver by the debtors of the homestead exemption. The creditor was attempting to expose the debtors' homestead to liability on an $8,000 note which had been executed by the debtors one year before the acquisition of their homestead.

In essence, *Harris v. Hoffman* holds that the statutory antecedent debt exception to the general Iowa homestead exemption statute is not a prima facie waiver of the exemption like that waiver usually found in a promissory note.

*Harris v. Hoffman* was also bottomed on the principle that any lien the creditor would have acquired if the stay had been granted would have been voidable under then § 67(a) of the Bankruptcy Act because the lien was not one based upon either a contract right or a waiver of the otherwise viable homestead exemption. For reasons later explained in this decision, the lien avoidance mechanisms of the new Bankruptcy Code (11 U.S.C. § 522(f)) would not support the same lien defeasance conclusion today on the *Harris* facts.

*Harris v. Hoffman* relied to some extent on the earlier Iowa case of *Bracewell v. Hughes*, 214 Iowa 241, 242 N.W. 66 (1932). In *Bracewell*, the creditor sought to bring a state court action in equity on a note the debtor had executed prior to the acquisition of her homestead. The suit was instituted in state court by the creditor *after* the debtor had filed her petition in bankruptcy, *after* she had been adjudicated a bankrupt, and *after* her homestead had been set off as exempt in the bankruptcy proceedings where the creditor was a party. The creditor's theory was that the debtor's homestead was not exempt from the antecedent debt by virtue of the predecessor of what is now Iowa Code § 561.21(1), and that a court of equity should allow the homestead to be subjected to liability for that debt. The creditor had no lien but sought to obtain a judgment on the antecedent debt and then enforce the lien of that judgment against the debtor's otherwise exempt homestead.

In denying the creditor the right to maintain the action, the Iowa Supreme Court held that the debtor's adjudication as a bankrupt ("adjudication in bankruptcy") barred all proceedings in state court on unsecured claims except those allowed in the bankruptcy law, and the creditor could

not bring suit on the note for the purpose of obtaining a lien for execution against the homestead after the debtor's adjudication as a bankrupt. (Although the court did indicate that suit could be brought to determine such things as the validity of the note and the amount owing, so as to determine the amount of the creditor's claim for bankruptcy proof purposes under § 63 of the Bankruptcy Act.) The *Bracewell* court was careful to limit its decision to cases involving liens and to indicate that it would not apply the same bar to suits based on a waiver of the exemption or where a lien was created on otherwise exempt property by contract.

In analyzing the creditor's position, however, the *Bracewell* court expounded on the antecedent debt exception to the Iowa homestead exemption statute. With respect to the creditor's assertion that the creditor had a right to subject the property to the payment of the debt because the debt antedated the homestead, the court said:

> As a practical question, as against their [creditor's] claim, there is, in fact, no outstanding homestead right. This is true because the general statute freeing homesteads from judicial process excepts from its operation the very situation we have before us in this case. The plaintiffs therefore have an unsecured claim against the defendant, and the defendant is not in a position to avail herself of this exemption statute as against the proper assertion of said claim.

242 N.W. at 68. What *Bracewell* holds is that the creditor could not then properly assert the claim because the defendants' adjudication in bankruptcy prior to the filing of the state court action barred all proceedings in state court. Thus, the *Bracewell* court, though unwilling to allow the creditor to create a lien on the facts before it, contemplated that a "proper assertion" of the creditor's claim could reach the homestead because of the antecedent debt exception to the homestead exemption statute.

■ 3. The bankruptcy judge below made reference to *In re McCormick*, slip op. No. 83–00024 (Bankr.N.D.Iowa, December 31, 1985) [Available on WESTLAW, 1985 WL 17363] and *In re Zeisman*, slip op. No. 83–03017 (Bankr.N.D.Iowa, May 31, 1985) [Available on WESTLAW, 1985 WL 17362] in stating that the Ellingsons' debt was subject to discharge in the Chapter 7 proceeding. The *McCormick* case relied on *Zeisman* in its statement that 11 U.S.C. § 522(f)(1) could be invoked to avoid a judgment lien obtained pursuant to § 522(b). *Zeisman* had improperly construed 11 U.S.C. § 522(f)(1) to allow a debtor to avoid a judicial lien obtained under the Iowa exemption statute. Iowa Code § 561.21. In so holding, *Zeisman* rejected the Fifth Circuit's analysis of § 522(f)(1).

The Fifth Circuit in *Matter of McManus*, 681 F.2d 353 (5th Cir.1982), properly construed § 522(f)(1) of the Bankruptcy Code to be limited in its scope by § 522(b). A more detailed analysis of those sections is necessary.

Section 522(f) constitutes the federal avoidance mechanism that the bankruptcy court below invoked in its opinion. 11 U.S. C. § 522(f)(1) states:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (1) a judicial lien....

The *McManus* court, in regard to this section of the Bankruptcy Code, stated:

> Significantly, the avoidance provisions of section 522(f) are available to debtors seeking to avoid a lien only "to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b)" of section 522. In other words, this federal avoidance section is not a separate exemption statute. It provides only a limited mechanism for avoiding liens, since the only liens that may be avoided are those impairing an exemption the debtor would have been entitled to receive under section 522(b).

*Matter of McManus*, 681 F.2d at 355.

The Sixth Circuit in *In re Pine*, 717 F.2d 281 (6th Cir.1983) agreed with the *Mc-*

*Manus* view that section 522(f) cannot be utilized as a separate exemption statute. *In re Pine,* 717 F.2d at 284. The court there recognized the policy arguments that would support a different legislative scheme,[1] and rejected an analysis of the legislative histories of the original, uncompromised Senate and House bills, stating "the legislative history which supports the rejected version is not particularly persuasive on the meaning of the final version. When the language itself is clear, it should be followed in preference to legislative history supporting a different statute." *Id.* The language of section 522(f) clearly states that debtors may avoid only those liens to which they are entitled under section 522(b).[2]

The invocation of Section 522(f)(1) in this case is contingent upon whether the Ellingsons were entitled to an exemption under Section 522(b). As previously discussed in this opinion, Iowa has opted out of the federal exemptions under 11 U.S.C. § 522(b), Iowa exemptions apply, and under that Iowa law the Ellingsons are not entitled to a homestead exemption right as against the plaintiff's antecedent debt. Iowa Code §§ 561.16, 561.21. It follows that the Ellingsons could not avail themselves of 11 U.S.C. § 522(f)(1) to avoid the Bank's lien, should the Bank procure one in the state courts. Since the *Zeisman* and *McCormick* opinions improperly construed the effect of 11 U.S.C. § 522(f)(1), they do not control the disposition of this case as to that section.[3]

ORDER:

Accordingly, It Is Ordered:

The order of the bankruptcy court of February 5, 1986, is reversed and plaintiff Federal Land Bank of Omaha's objection to the homestead exemption claimed by debtors is sustained.

1. The Eleventh Circuit in *In re Hall,* 752 F.2d 582 (11th Cir.1985) reached the decision that section 522(f) should be treated as a separate exemption statute by relying largely on the legislative histories of the original, uncompromised Senate and House versions of the statute. *Id.* at 587.

2. In *Matter of Allen,* 725 F.2d 290 (5th Cir.1984), the Fifth Circuit affirmed its position in *Matter of McManus* that section 522(f) does not create any new exemptions, but merely gives the debtor power to avoid liens which impair exemptions to which the debtor is entitled under section 522(b).

3. Part 4 of this opinion was later withdrawn.