**In the Matter of Terrence William SCHULDT, Mary Lou Schuldt, Debtors.**

**Bankruptcy No. 88–157–C J.**

United States Bankruptcy Court, S.D. Iowa.

Sept. 30, 1988.

John F. Sprole, Des Moines, Iowa, for debtors.

Anita L. Shodeen, Des Moines, Iowa, for Robert D. Taha chapter 7 trustee.

## ORDER ON MOTION TO RECONSIDER

LEE M. JACKWIG, Chief Judge.

On April 5, 1988 this court conducted a telephonic hearing on the trustee's objection to debtors' claim of exemptions. Anita L. Shodeen appeared on behalf of the Chapter 7 trustee, Robert D. Taha. John F. Sprole appeared on behalf of the debtors.

At the hearing, the court overruled the trustee's objection to the debtors' homestead exemption claim. In doing so the court relied on its then recent decision of *Matter of Nehring*, 84 B.R. 571 (Bankr.S.D.Iowa 1988). The order provided that the trustee could move for reconsideration within ten days if he believed *Nehring* was distinguishable from this case.

The trustee did move for reconsideration. On June 15, 1988 a courtroom hearing was held on the trustee's motion. The same attorneys appeared. Arguments were heard. The trustee submitted a brief in support of his arguments. The court considers the matter fully submitted.

## FACTS

On February 23, 1988 the debtors filed a petition for relief under Chapter 7. The debtors' schedules reveal that they own in fee simple a parcel of real estate located in Jefferson County and valued at $65,000.00. The debtors purchased the property in June of 1987. The schedules further show that the deed to the property was recorded in January of 1988. According to Schedule B–4, the debtors claim the property exempt under Iowa Code section 561.16. Schedule A–2 (creditors holding security) indicates that no creditor has a mortgage lien against the property. Schedule A–3 (creditors having unsecured claims without priority) reveals that most of the debtors' debts were incurred prior to the purchase of the homestead. A number of these debts have been reduced to judgment. The sum of the debts exceeds $140,000.00.

## DISCUSSION

Iowa's homestead exemption provides in part as follows:

The homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary....

Iowa Code section 561.16. The trustee argues that the debtors are not entitled to a homestead exemption because of the pre-acquisition debt exception to the homestead

exemption found at Iowa Code section 561.-21(1). This provision reads:

> The homestead may be sold to satisfy debts of each of the following classes:
> (1) Those contracted prior to its acquisition, but only to satisfy a deficiency remaining after exhausting the other property of the debtor, liable to execution.

*Id.* Specifically, the trustee contends that the debtors' homestead can be used to satisfy those debts incurred prior to the purchase of the homestead.

In *Matter of Nehring*, 84 B.R. 571 (Bankr.S.D.Iowa 1988), this court examined the operation of Iowa Code section 561.-21(1) in the context of an objection to an exemption claim and a motion to avoid lien. In that case, the Chapter 7 debtors had purchased a house that they considered their homestead approximately three years after they incurred a $10,000.00 debt. The creditor never reduced his claim to judgment. The debtors claimed a homestead exemption and sought to avoid any lien the creditor might acquire because of his claim. The debtors asserted that a lien that would attach as a result of an antecedent debt would be a lien that impaired an exemption. Thus, the debtors concluded that such a lien would be avoidable under 11 U.S.C. section 522(f)(1).[1] Relying on section 561.-21(1), the creditor maintained that the debtors could not avoid a lien he might acquire because such a lien would not impair an exemption to which the debtors were entitled under Iowa law.

The *Nehring* decision surveyed the divergent caselaw addressing the effect of section 522(f) on various state exemption laws. This court agreed with the line of decisions represented by *Matter of McManus*, 681 F.2d 353 (5th Cir.1982) which held that debtors could not utilize lien avoidance in situations where they were not entitled to exemptions under state law. In particular, this court was persuaded by the reasoning in *In re Ellingson*, 82 B.R. 88 (N.D.Iowa

1986). There an antecedent claimholder challenged the debtors' homestead exemption. Relying on *McManus*, the district court found that the debtors' invocation of section 522(f) was contingent upon whether the debtors were entitled to a homestead exemption under Iowa law. Noting that section 561.21(1) precluded the debtors from claiming a homestead exemption, the court ruled that they could not avail themselves of section 522(f) to avoid any lien an antecedent claimholder might obtain in state court.

Accordingly, this court ruled in *Nehring* that to the extent an antecedent debt would exist after other property of the debtors subject to execution was exhausted, an objection to exemption would have merit. The court pointed out:

> The section 561.21(1) exception to the Iowa exemption law is clear on its face. Whether the creditor holding an antecedent claim has reduced the claim to judgment or not has no impact on the statutory scheme. The provision speaks in terms of "debts contracted prior to [the homestead's] acquisition" and not in terms of "judicial liens".

*Nehring*, 84 B.R. at 576. This court likewise found the debtors' attempt to avoid the "anticipated" lien subject to the same restriction. That is, if the court were to allow the creditor relief from the automatic stay to obtain a judgment lien, avoidance would be proper only to the extent the homestead would not be necessary to satisfy the antecedent claim after property subject to execution was exhausted. *Id.*

Thereupon the *Nehring* decision emphasized the major distinction between the antecedent claimholder who holds a judicial lien at the time the bankruptcy is commenced and the one who is unsecured. That is, unless the automatic stay is lifted to permit an unsecured claimholder to proceed on its claim, the debtor's discharge forever bars that claimholder from obtain-

---

1. 11 U.S.C. section 522(f)(1) provides:
   *Notwithstanding any waiver of exemptions,* the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to

which the debtor would have been entitled under subsection (b) of this section, if such lien is
   (1) a judicial lien; or
   . . . .

ing a judicial sale of the homestead. *Id.* at 577. This court determined that as a general rule and absent blatant abuse of the statutory framework, it would not lift the stay to permit an unsecured claimholder to seek a judicial lien. Central to this ruling was the concern that one unsecured creditor should not be allowed to enchance its post discharge position over that of other unsecured creditors. *Id.* at 578.

In this case, the court is concerned neither with a motion by an antecedent claimholder to lift the automatic stay nor with a motion to avoid any "anticipated" lien. Rather, the trustee, on behalf of all the similarly situated unsecured antecedent claimholders, objects to the homestead exemption based on the clear language of section 561.21(1). If the objection is sustained the homestead becomes property of the estate pursuant to section 541 and subject to liquidation and distribution in accordance with sections 704(1) and 726 respectively.[2] No unsecured creditor will be treated more favorably than any others.

### CONCLUSION AND ORDER

WHEREFORE, based on the aforementioned discussion, the court finds that the trustee has correctly distinguished the facts in the *Nehring* decision from the facts of this case.

THEREFORE, the trustee's motion to reconsider is granted and the objection to the homestead exemption is sustained to the extent the antecedent debts are not satisfied after the other property of the debtors subject to execution is exhausted.

---

2. Typically, a trustee does not object to exemptions of any kind if little will be realized for unsecured creditors after lienholders are satisfied. *Cf.* section 554(a) (abandonment of property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate). *See also* section 725 (disposition of property in which an entity other than the estate has an interest).