### In the Matter of Karlis A. NORKUS, Peggy M. Norkus, Debtors.

### No. 99–04147–CJ.

United States Bankruptcy Court, S.D. Iowa.

Oct. 25, 2000.

Michael A. Williams, Rock Island, IL, for debtors.

A. Fred Berger, Davenport, Iowa, Chapter 7 Trustee.

H.J. Dane, Davenport, Iowa, for trustee.

## MEMORANDUM OF DECISION

LEE M. JACKWIG, Bankruptcy Judge.

Chapter 7 Debtors Karlis and Peggy Norkus ("Debtors") claim their homestead exempt from the bankruptcy estate. Alleging the Debtors acquired their homestead after incurring other debts that are listed on their bankruptcy schedules, Chapter 7 Trustee A. Fred Berger ("Trustee") objects.

The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334 and the standing order of reference entered by the District Court for the Southern District of Iowa. This is a core matter under 28 U.S.C. § 157(b)(2)(B).

## BACKGROUND

On November 1, 1999 the Debtors filed a Chapter 7 Petition, Schedules, and Statement of Financial Affairs. In their petition, the Debtors indicate they have been domiciled or have had a residence, principal place of business, or principal assets in the Southern District of Iowa for 180 days immediately preceding November 1, 1999 or for a longer part of such 180 days than in any other district.

On Schedule C (Property Claimed As Exempt), Debtors claim Lot 5 of Block 8, Richland Park Addition, City of Davenport, Scott County, Iowa exempt pursuant to Iowa Code sections 561.2 and 561.16. Debtors indicate their homestead exemption is worth $65,000.00. They limit the value of their exemption claim to $17,500.00. On Schedule D (Creditors Holding Secured Claims), Debtors indicate they owe $47,500.00 to First Midwest Mortgage Co. Their homestead secures that joint debt. The Schedules do not reflect when that debt was incurred. On Schedule F (Creditors Holding Unsecured Nonpriority Claims), Debtors list five joint debts for miscellaneous purchases. They report three of those debts, totaling $8,593.00, were incurred in 1996 and one, amounting to $970.00, was incurred in June 1999. They do not specify when they incurred the remaining debt of $9,344.00.

On January 25, 2000 the Trustee objected to the Debtors' homestead exemption. Apparently relying in part on information contained on Schedule F, the Trustee alleges the homestead was acquired after certain unsecured debts were incurred. He bases his challenge on Iowa Code section 561.21(1), the antecedent debt exception to the Iowa homestead exemption.

On February 3, 2000 the Debtors resisted the objection. They deny the existence of any antecedent debts and, in what is labeled an affirmative defense, they argue section 561.21 is unconstitutional and is preempted by the Bankruptcy Code. They rely on a decision from the Court of Appeals for the First Circuit.

On February 29, 2000 the Court conducted a preliminary nonevidentiary telephonic hearing on the controversy. At the conclusion of the hearing, the Court directed the parties to submit a stipulation of facts and their respective briefs and arguments by April 28, 2000. The Court entered an Order to that effect on the same date.

On April 28, 2000 the Debtors filed their memorandum of law. In that document they report the parties are in agreement as to the following facts:

1. The Debtors purchased their homestead on or about October 12, 1998.

2. The purchase price for the homestead was approximately $63,000, but the appraisal for the purchase in 1998 was $65,500.

3. The Debtors financed $47,524, and received a gift from the Debtor's mother in the amount of approximately $20,000, to purchase the home. Part of which went to moving expenses and similar bills.

4. The Debtor's mother was never given a mortgage on the homestead.

5. From Schedule "F", it would appear that many of the debts listed are "pre-acquisition debts," however, while some of the credit card debts were begun in 1996, charges were undoubtedly incurred after October 12, 1998 and the exact amount of pre-acquisition debts may be subject to further discovery.

6. The Debtors listed the value of the home as $65,000 when bankruptcy was filed and the Debtors continue to maintain that this is about what the homestead is worth. $47,000 remains owing on the homestead, so there is approximately $18,000 of equity in the homestead, at this time.

7. The Debtors asked that their homestead be declared exempt and the

Trustee filed a timely objection to which the Debtors timely responded. (Docket No. 18 at 1–2.)

On May 8, 2000 the Trustee filed his memorandum of law. Except for the purchase price of the homestead, the Trustee indicates his concurrence in the facts set forth by the Debtors. The Trustee contends the purchase price was $65,000.00.

■ Though Federal Rule of Bankruptcy 4003(c) indicates the Trustee has the burden of proving the Debtors' homestead exemption is not properly claimed,[1] the immediate dispute before the Court concerns a question of law. That is, whether 11 U.S.C. § 522(c) preempts Iowa's antecedent debt exception to its homestead exemption.

1. Federal Rule of Bankruptcy Procedure 4003(c) provides: "In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections."

2. 11 U.S.C. § 522(d) provides in relevant part:
 The following property may be exempted under subsection (b)(1) of this section:
 (1) The debtor's aggregate interest, not to exceed $16,150 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.
 11 U.S.C. § 522(d)(1).

3. 11 U.S.C. § 522(b) provides:
 (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection. In joint cases filed under section 302 of this title and individual cases filed under section 301 or 303 of this title by or against debtors who are husband and wife, and whose estates are ordered to be jointly administered under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, one debtor may not elect to exempt property listed in paragraph (1) and the other debtor elect to exempt property listed in paragraph (2) of this subsection. If the parties cannot agree on the

## DISCUSSION

■ 11 U.S.C. § 522(d) contains a list of property that the United States Congress considers appropriate for exemption from bankruptcy estates.[2] In 11 U.S.C. § 522(b), however, the same national legislative body permits the individual States to opt out of the federal exemption scheme.[3] "Nothing in subsection (b) (or elsewhere in the Code) limits a State's power to restrict the scope of its exemptions; indeed, it could theoretically accord no exemptions at all." *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991).

■ Iowa has exercised its opt-out right in Iowa Code section 627.10.[4] Accordingly this Court must apply Iowa homestead law

alternative to be elected, they shall be deemed to elect paragraph (1), where such election is permitted under the law of the jurisdiction where the case is filed. Such property is—
 (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,
 (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and
 (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.
 11 U.S.C. § 522(b).

4. Iowa Code section 627.10 provides:
 A debtor to whom the law of this state applies on the date of filing of a petition in bankruptcy is not entitled to elect to exempt from property of the bankruptcy estate the property that is specified in 11 U.S.C. § 522(d) (1979). This section is enacted for the purpose set forth in 11 U.S.C. § 522(b)(1) (1979).

in resolving the pending controversy. A full analysis begins with Iowa Code section 561.1. That section defines an Iowa homestead as follows:

> The homestead must embrace the house used as a home by the owner, and, if the owner has two or more houses thus used, the owner may select which the owner will retain. It may contain one or more contiguous lots or tracts of land, with the building and other appurtenances thereon, habitually and in good faith used as part of the same homestead.

Iowa Code § 561.1. Then Iowa Code section 561.2 addresses the nature and extent of the lots or tracts of land as follows:

> If within a city plat, it must not exceed one-half acre in extent, otherwise it must not contain in the aggregate more than forty acres, but if, in either case, its value is less than five hundred dollars, it may be enlarged until it reaches that amount.

Iowa Code § 561.2. In turn, Iowa Code section 561.3 sets the following limitations on the buildings found on the lots or tracts of lands:

> It must not embrace more than one dwelling house, or any other buildings except such as are properly appurtenant thereto, but a shop or other building situated thereon, actually used and occupied by the owner in the prosecution of the owner's ordinary business, and not exceeding three hundred dollars in value, is appurtenant thereto.

Iowa Code § 561.3.

As for the actual homestead exemption, Iowa Code section 561.16 provides:

> The homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary. Persons who reside together as a single household unit are entitled to

Iowa Code § 627.10.

claim in the aggregate only one homestead to be exempt from judicial sale. A single person may claim only one homestead to be exempt from judicial sale. For purposes of this section *"household unit"* means all persons of whatever ages, whether or not related, who habitually reside together in the same household as a group.

Iowa Code § 561.16 (emphasis in the statute).

As the plain language of the statute indicates, the homestead exemption is not without restrictions above and beyond those found in sections 561.2 and 561.3.[5] Moreover, Iowa Code section 561.21 carves out the following exceptions to the homestead exemption:

> The homestead may be sold to satisfy debts of each of the following classes:
>
> (1) Those contracted prior to its acquisition, but then only to satisfy a deficiency remaining after exhausting the other property of the debtor, liable to execution.
>
> (2) Those created by written contract by persons having the power to convey, expressly stipulating that it shall be liable, but then only for a deficiency remaining after exhausting all other property pledged by the same contract for the payment of the debt.
>
> (3) Those incurred for work done or material furnished exclusively for the improvement of the homestead.
>
> (4) If there is no survivor or issue, for the payment of any debts to which it might at that time be subjected if it had never been held as a homestead.

Iowa Code § 561.21.

 The first exception applies in this case. It is important to note that section 561.21 speaks in terms of "debts," meaning a creditor holding an antecedent claim

---

**5.** By way of example, the Iowa Supreme Court has held that Iowa Code section 598.21 (Orders for disposition and support) is a "spe-

cial declaration of statute to the contrary." *See Kobriger v. Winter,* 263 N.W.2d 892, 893–94 (Iowa 1978).

need not have reduced that claim to judgment in order to raise an objection to the debtor's homestead exemption. *See Matter of Nehring*, 84 B.R. 571, 576 (Bankr. S.D.Iowa 1988). In a bankruptcy context, a trustee may pursue such an objection. *See Matter of Schuldt*, 91 B.R. 501, 503 (Bankr.S.D.Iowa 1988).

■■■ If the trustee prevails, the homestead is not exempt from the bankruptcy estate to the extent it is needed to satisfy the deficiency identified in the statute. *Id.* Though the trustee's recovery is based on the otherwise unsatisfied amount of the antecedent debts—in essence unsecured debts, the dollar equivalent of that recovery will be distributed in accordance with 11 U.S.C. §§ 704(1) and 726. *Id.* "The nonexempt property resulting from recognizing state law exclusions is used like any other nonexempt property, and cannot be used to make payments to the excluded claims in excess of their assigned bankruptcy priorities." *In re Fishman*, 241 B.R. 568, 574 (Bankr.N.D.Ill.1999).

■■■ Despite the plain language of the federal and state statutes quoted above and despite the established case law interpreting the antecedent debt exception in issue, the Debtors urge this Court to follow the reasoning set forth in *Patriot Portfolio, LLC v. Weinstein (In re Weinstein)*, 164 F.3d 677 (1st Cir.1999), cert. denied, 527 U.S. 1036, 119 S.Ct. 2394, 144 L.Ed.2d 794 (1999), and to hold as a matter of law that 11 U.S.C. § 522(c) preempts section 561.21 in general and the antecedent debt exception in particular.

11 U.S.C. § 522(c) explains Congress' intended consequences for property that is exempted from the bankruptcy estate. That section provides:

Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—

(1) a debt of a kind specified in section 523(a)(1) of 523(a)(5) of this title;

(2) a debt secured by a lien that is—

(A)(i) not avoided under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549 or 724(a) of this title; and

(ii) not void under section 506(d) of this title; or

(B) a tax lien, notice of which is properly filed; or

(3) a debt of a kind specified in section 523(a)(4) or 523(a)(6) of this title owed by an institution-affiliated party of an insured depository institution to a Federal depository institutions regulatory agency acting in its capacity as conservator, receiver, or liquidating agent for such institution.

11 U.S.C. § 522(c).

The issue presented in *Weinstein* was "whether, under 11 U.S.C. § 522, a Chapter 7 debtor may assert a homestead exemption for his residence acquired after a debt and attachment of a lien, despite the Massachusetts statute excepting the preexisting lien and debt from homestead protection." *Weinstein*, 164 F.3d at 679. In resolving that question, the Court of Appeals for the First Circuit actually analyzed two separate provisions of the Massachusetts Homestead Act and found them to be preempted by two separate subsections of section 522.

The *Weinstein* court first looked at section 5 of the homestead law that provided: "No estate of homestead shall affect a mortgage, lien or other encumbrance previously existing." Mass.Gen.Laws ch. 188, § 5. Relying on *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), the Court of Appeals held that 11 U.S.C. § 522(f) preempted that provision.[6]

---

**6.** 11 U.S.C. § 522(f) provides in part:
(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debt-

or may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption

In reaching that conclusion, however, the Court of Appeals "assume[d] for the moment that the prior contracted debt exception is preempted by the Bankruptcy Code." *Id.* at 680.

The *Weinstein* court then turned its attention to section 1 of the homestead law that provided in part that the exemption did not apply "(2) for a debt contracted prior to the acquisition of said estate of homestead." Mass.Gen.Laws ch. 188, § 1. The Court of Appeals found that section 522(c) preempted the antecedent debt exception because the former does not include the latter in its list of debts for which exempt property remains liable. *Id.* at 682–83. In reaching that conclusion, however, the Court of Appeals earlier "[a]ssume[d] for the moment that Patriot's lien can be avoided, none of the above

> to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (A) a judicial lien, other than a judicial lien that secures a debt—
> (i) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement; and
> (ii) to the extent that such debt—
> (I) is not assigned to another entity, voluntarily, by operation of law, or otherwise; and
> (II) includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.
> 11 U.S.C. § 522(f)(1)(A).
> In the *Owen* decision, the United States Supreme Court held that a debtor could utilize the above quoted statute to avoid a judicial lien even though the debtor had claimed his homestead exempt under Florida law that specifically provided the exemption did not apply as to preexisting liens. *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). The question is "not whether the lien impairs an exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which he *would have been* entitled but for the lien itself." *Owen*, 500 U.S. at

[section 522(c)] types of debt apply to the facts of this case." *Id.* at 679–80.

This Court declines to follow the *Weinstein* analysis. As stated in the *Nehring* decision, "what can be claimed exempt and to what extent are the first questions that must be answered." *Nehring*, 84 B.R. at 576. In an *Owen* setting, the inquiry is hypothetical. *Owen*, 500 U.S. at 311, 111 S.Ct. at 1837. The *Weinstein* court does not utilize such an approach with the result being it applies *Owen* too broadly. That is, the *Owen* decision reviewed Florida law that permitted a judgment lien to attach to a homestead that was acquired at a later date and that was otherwise exempt under the Florida Constitution. Accordingly, the United States Supreme Court found that the preexisting lien impaired an exemption to which the debtor would have been entitled but for the lien itself.[7] There was no correspond-

> 310–11, 111 S.Ct. at 1836–37 (emphasis in the original).
> With respect to the opt-out policy, the Court stated: "[I]t is not inconsistent to have a policy disfavoring the impingement of certain types of liens upon exemptions, whether federal-or state-created. We have no basis for pronouncing the opt-out policy absolute, but must apply it along with whatever other competing or limiting policies the statute contains." *Owen*, 500 U.S. at 313, 111 S.Ct. at 1838.
>
> 7. The United States Supreme Court left open the question whether the lien attached prior to the acquisition of the property interest, meaning the lien would not have fixed on an interest of the debtor and section 522(f)(1) would not apply. *See Farrey v. Sanderfoot*, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991). *Compare Matter of Macke*, 136 B.R. 209, 211 (Bankr.S.D.Iowa 1992) (holding, even though debtor would have been entitled to Iowa homestead exemption but for former spouse's Iowa Code section 598.21 lien, debtor could not avoid the lien because it attached to the homestead prior to or simultaneously with debtor's acquisition of the interest in the homestead) *with In re Reinders*, 138 B.R. 937, 942–43 (Bankr.N.D.Iowa 1992) (holding state court's authority under Iowa Code section 598.21, not the lien created there under, prevented debtor from claiming the Iowa homestead exemption and, therefore, the debtor could not avoid the lien because the lien did not impair an exemption to

ing statutory antecedent debt exception under consideration. Had there been, the preexisting debt would have impaired the exemption and preserved the lien from avoidance under section 522(f)(1)—a result not at odds with section 522(c)(2)(A)(i).

At this juncture, it should be noted that this Court relied on *Matter of McManus,* 681 F.2d 353 (5th Cir.1982) and *In re Ellingson,* 82 B.R. 88 (N.D.Iowa 1986) in deciding that "debtors may not exercise lien avoidance to the extent there is an antecedent debt which may not be satisfied by exhausting other property subject to execution." *Nehring,* 84 B.R. at 576. The *McManus* case, however, concerned a state law that provided an exemption exception for certain liens. Not surprisingly, a subsequent panel of the Court of Appeals for the Fifth Circuit determined that the *Owen* decision overruled the holding and method in *McManus. See Matter of Maddox,* 15 F.3d 1347 (5th Cir.1994). Meanwhile, the Court of Appeals for the Eighth Circuit issued an unpublished per curiam decision holding a debtor can not utilize Iowa Code section 522(f) to avoid a judicial lien if the debtor's homestead is not exempt by operation of section 561.21(3). *See Meseraull v. Rick Miller Construction, Inc. (Matter of Meseraull),* 82 F.3d 421 (Table), 1996 WL 185736 (8th Cir. Apr. 19, 1996) (per curiam).[8] That decision is essentially consistent with the *Ellingson* case, in which the District Court for the Northern District of Iowa ruled that section 522(f) would not permit the debtors to avoid a lien the undersecured mortgage holder might later obtain in state court because the debtors could not claim their

homestead exempt as to the antecedent debt. *Ellingson,* 82 B.R. at 92.

In the *Ellingson* case, there was no unencumbered nonexempt property with which the debtor could satisfy any portion of the antecedent debt. *See Ellingson,* 82 B.R. at 89.[9] Not all antecedent debt cases are so factually simple, especially when the trustee is the entity objecting to the exemption for the purpose of liquidation and distribution. As stated in the *Schuldt* holding, a trustee's "objection to the homestead exemption is sustained to the extent the antecedent debts are not satisfied after the other property of the debtors subject to execution is exhausted." *Schuldt,* 91 B.R. at 503.

## CONCLUSION

WHEREFORE, the Court finds that 11 U.S.C. § 522(c) does not preempt Iowa Code section 561.21 and, therefore, the Trustee's section 561.21(1) objection to the Debtors' homestead exemption is sustained to the extent the antecedent debts are not satisfied after the other property of the Debtors subject to execution is exhausted.

A separate Order shall be entered accordingly.

---

which the debtor would have been entitled but for the lien). Parenthetically, this Court notes that the end result was the same in both of the Iowa bankruptcy cases and that result is otherwise consistent with current 11 U.S.C. § 522(f)(1)(A). In 1994 Congress added the alimony, maintenance, and support exception to 11 U.S.C. § 522(f)(1).

**8.** The Court of Appeals for the Eighth Circuit has recently held that unpublished decisions

have precedential value. *Anastasoff v. United States of America,* 223 F.3d 898 (8th Cir. 2000).

**9.** The recent Court of Appeals decision discussing the pending issue under Iowa Code section 561.21(3) does not mention the existence of any unencumbered nonexempt property. Such an inquiry, however, is not necessary for that category of debt.