# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2449

_____

In re:  Jody May Walters,                            *
                                                     *
                  Debtor.                             *
-------------------------------------------------     *
Jody May Walters,                                    *
                                                     *    Appeal from the
                  Appellant.                          *    Bankruptcy Appellate Panel
                                                     *    for the Eighth Circuit.
          v.                                         *
                                                     *
Bank of the West,                                    *
                                                     *
                  Appellee.                           *

_____

Submitted:  January 10, 2012
Filed:  April 9, 2012

_____

Before WOLLMAN, LOKEN, and GRUENDER, Circuit Judges.

_____

LOKEN, Circuit Judge.

In 2002 and 2004, Jody Walters and her husband David guaranteed loans by Bank of the West involving David's then-profitable home building enterprise, Walters Homes Ltd.  With the loans in default, Bank of the West obtained three Iowa state court judgments in 2008 and 2009 against Mrs. Walters and others totaling well in excess of the value of her present home.  Mrs. Walters filed for Chapter 7 bankruptcy protection in January 2010, claimed a homestead exemption, and was

granted a discharge. In this core proceeding, see 28 U.S.C. § 157(b)(2)(B), she appeals the Bankruptcy Appellate Panel's (BAP) decision affirming a bankruptcy court[1] order that her homestead is not exempt from the Bank's antecedent debts. A core proceeding order "resolving a significant exemption issue is immediately appealable under 28 U.S.C. § 158(d)." In re Takes, 478 F.3d 902, 903 n.2 (8th Cir. 2007); see Stern v. Marshall, 131 S. Ct. 2594, 2603-04 (2011). We affirm.

Iowa codified a homestead exemption in Chapter 561 of the Iowa Code. It is applicable in federal bankruptcy proceedings. See 11 U.S.C. § 522(b); Iowa Code § 627.10. Iowa exempts every person's homestead absent a "declaration of statute to the contrary." § 561.16. One such declaration appears in § 561.21(1):

> The homestead may be sold to satisfy debts of each of the following classes:
>
> 1. Those contracted prior to its acquisition, but then only to satisfy a deficiency remaining after exhausting the other property of the debtor, liable to execution.

Mrs. Walters moved into her present home in Pleasant Hill, Iowa (the "Lakeview Drive" home) in July 2008. For purposes of this appeal, we assume this home qualifies as a "homestead" under Iowa law. Conceding that her debts to the Bank were contracted before July 2008, Mrs. Walters argues on appeal that she is nonetheless entitled to the homestead exemption for two reasons. First, she argues that she is entitled to the "new homestead exemption" provided by § 561.20:

---

[1]The Honorable Anita L. Shodeen, United States Bankruptcy Judge for the Southern District of Iowa.

> Where . . . a new homestead has been acquired with the proceeds of the old, the new homestead, to the extent in value of the old, is exempt from execution in all cases where the old or former one would have been.

Alternatively, she argues that § 561.21(1) does not apply "because Bank of the West has not exhausted all non-exempt assets." Like the BAP, we review the bankruptcy court's interpretation of these statutes *de novo* and its findings of fact for clear error. In re Farmland Indus., Inc., 397 F.3d 647, 650 (8th Cir. 2005).

## I. The § 561.20 Issue.

When Mr. and Mrs. Walters initially guaranteed the Bank's loans, they lived at 3437 Scenic Valley Drive in West Des Moines. Before moving into the Lakeview Drive home, they also lived for different periods at 259 62nd Street in West Des Moines, 5051 Cerromar Drive in Naples, Florida, and 3800 Fuller Road in Des Moines. When Bank of the West objected to her claim of a homestead exemption for the Lakeview Drive home, Mrs. Walters argued to the bankruptcy court that the Cerromar Drive property in Florida was a homestead and presented some evidence the Walters invested the proceeds from the sale of that home, $470,909.98, in constructing the Lakeview Drive home. The bankruptcy court denied a new homestead exemption under § 561.20 on two grounds: (i) Mrs. Walters failed to prove the Cerromar Drive home was a homestead, not merely a residence; and (ii) she failed to prove the Lakeview Drive home was "acquired with the proceeds of" the Cerromar Drive home, as § 561.20 requires. The BAP upheld both of these fact-intensive rulings.

On appeal, Mrs. Walters abandons her reliance on the Cerromar Drive home. Instead, she argues (1) the evidence establishes a chain of Iowa homesteads beginning before she contracted the Bank debts -- from the home on Scenic Valley Drive, whose value exceeded the $350,200 homestead exemption claimed, to the homes on 62nd

Street, Fuller Road, and Lakeview Drive; (2) the bankruptcy court and the BAP erred in construing § 561.20 as requiring that proceeds of a prior homestead be traced to the new homestead for which an exemption is claimed.

Bank of the West argues that we should not consider this chain-of-Iowa-homesteads contention because Mrs. Walters did not raise it before the bankruptcy court and the BAP. Without question, while the record contained evidence she lived at the prior Iowa locations, Mrs. Walters argued only that the Cerromar Drive home was the "old" homestead for § 561.20 purposes. We need not decide if this new contention was adequately preserved for our review. We agree with the bankruptcy court and the BAP that the plain language of § 561.20 limits the "new homestead" exemption to cases where, in the words of the statute, "a new homestead has been acquired with the proceeds of the old." Mrs. Walters argues that we need to resolve a conflict in the published bankruptcy court decisions of the Northern District and the Southern District of Iowa on this issue. We have reviewed those decisions and, like the bankruptcy court and the BAP, find no conflict. In any event, the plain language of the statute as construed by the Supreme Court of Iowa is controlling. See Elliott v. Till, 259 N.W. 460, 463 (Iowa 1935) (proceeds invested in a new homestead "are exempt from execution"); accord In re Bargfrede, 117 F.3d 1078, 1081 (8th Cir. 1997). Mrs. Walters was properly denied a new homestead exemption.

## II. The § 561.21(1) Issue.

For more than 150 years, the Iowa homestead laws have excepted antecedent debts from the exemption. See Iowa Code § 2281 (1860), construed in Hale v. Heaslip, 16 Iowa 451, 1864 WL 225 (Iowa 1864). However, this exception has included the limitation now found in § 561.21(1): "The homestead may be sold to satisfy . . . debts contracted prior to its acquisition, *but then only to satisfy a deficiency remaining after exhausting the other property of the debtor, liable to*

*execution.*" (Emphasis added.) The purpose of the limitation is "to protect the homestead as far as possible, so that it will not be sold unless necessary to the payment of debts for which it is pledged, or is made liable under the statute." Prudential Ins. Co. of Am. v. Westfall, 260 N.W. 344, 348 (Iowa 1935) (quotation omitted). This limitation is the focus of the second issue raised by Mrs. Walters.

In her post-hearing brief to the bankruptcy court, Mrs. Walters argued that the Bank's objection should be denied because, "To prove that the exception even applies, [Bank of the West] must first demonstrate that [it] exhausted all other property of the Debtor liable to execution," and the Bank failed to do so. The bankruptcy court did not address this contention. On appeal, the BAP concluded:

> that issue is not properly before us. The issue before the bankruptcy court was whether Walters is entitled to her homestead exemption. The bank will still have to exercise its rights under state law, and Walters and her husband will be entitled to raise their other defenses at that time.

We agree that Mrs. Walters's contention to the bankruptcy court was unsound for this reason. In numerous cases, the Supreme Court of Iowa has held that a homestead "is subject to judicial sale under the provisions of" § 561.21(1) without requiring the antecedent creditor to show it had exhausted other property of the debtor that might be liable to execution. In re Marriage of McMorrow, 342 N.W.2d 73, 77 (Iowa 1983); Westfall, 260 N.W. at 349; Foley v. Cooper, 43 Iowa 376, 1876 WL 550 (Iowa 1876); Barker v. Rollins, 30 Iowa 412, 1870 WL 437 (Iowa 1870); Hale, 1864 WL 225, at *2; see Kamerick v. Marion Cnty. State Bank, 2003 WL 23006949 (Iowa App. Dec. 24, 2003) (unpublished), and cases cited. These cases make it clear that the limitation in § 561.21(1) is not a condition precedent to the antecedent

-5-

judgment creditor's right to petition for judicial sale of the homestead.[2]  Rather, it is an equitable limitation on the sheriff's authority to sell the homestead until he or she is satisfied that sale of "the other property of the debtor, liable to execution," will not extinguish the antecedent creditor's claim.  See Westfall, 260 N.W. at 347-49.

On appeal, Mrs. Walters once again makes a different argument.  We understand this contention to be that the BAP's decision unfairly prejudices Chapter 7 debtors because removal of the homestead from the bankruptcy estate for the benefit of the Bank as secured creditor results in the debtor's other assets being distributed to unsecured creditors, whereas in a state court execution, those assets would first be sold and distributed to the antecedent judgment creditor, a distribution that could result in a reduced deficiency that preserves all or part of the homestead exemption, consistent with the purpose underlying the § 561.21(1) limitation.

While Mrs. Walters presents this contention without citation to Iowa case law, our research uncovered prior decisions suggesting that the hypothetical problem may in some circumstances be very real.  See In re Butterfield's Estate, 195 N.W. 188, 188-89 (Iowa 1923); In re Norkus, 256 B.R. 298, 305 (Bankr. S.D. Iowa 2000); Matter of Schuldt, 91 B.R. 501, 502-03 (Bankr. S.D. Iowa 1988); Matter of Nehring, 84 B.R. 571, 577-78 (Bankr. S.D. Iowa 1988).  However, Mrs. Walters failed to lay a factual predicate that the problem is real in this case.  In the bankruptcy court, the Chapter 7 trustee initially joined the Bank's objection to the claimed homestead exemption but then withdrew his objection because the Bank's antecedent judgments so far exceeded the value of the homestead the objection could provide "no interest

---

[2]The only Iowa case Mrs. Walters cited to the bankruptcy court, or to this court, is not to the contrary.  In James v. Weisman, 143 N.W. 428, 429 (Iowa 1913), the antecedent judgment creditor was not entitled to an execution sale of the homestead because her judgment *lien* had expired, not because she failed to execute on the debtor's other property before petitioning for judicial sale of the homestead.

for the benefit of the bankruptcy estate." Likewise, Mrs. Walters presented no evidence that distributing the bankruptcy estate's other assets in any fashion could conceivably reduce the Bank's antecedent debts sufficiently to create a residual homestead exemption. The ambiguous contention could be construed as claiming that the Bank may recover a substantial portion of its antecedent debts by first exhausting the assets of Mrs. Walters's judgment co-obligors. But that issue would not entitle her to relief in this Chapter 7 proceeding because assets of the co-obligors are not part of the bankruptcy estate, and in any event this issue can be adequately addressed by the state court and the sheriff that administer any future judicial sale of the homestead. Thus, on this record, the bankruptcy court did not err in concluding that the Lakeview Drive homestead was not exempt from the Bank's antecedent debts by reason of § 561.21(1) *and* in lifting the automatic stay in bankruptcy as to that property. See 11 U.S.C. § 362(c).

We affirm the decision of the BAP filed June 2, 2011. We grant attorney David A. Morse's Motion to Withdraw.

_____