# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 12-6012

---

In re:                                    *
                                          *
Andrew William Shirley,                   *
                                          *
          Debtor.                         *
                                          *
Andrew William Shirley,                   *   Appeal from the United
                                          *   States Bankruptcy Court for
          Debtor-Appellant,               *   the Southern District of Iowa
                                          *
              v.                          *
                                          *
Charles L. Smith,                         *
                                          *
          Trustee-Appellee.               *

---

Submitted:  May 8, 2012
Filed: June 15, 2012

---

Before FEDERMAN, SALADINO, and NAIL, Bankruptcy Judges.

---

NAIL, Bankruptcy Judge.

Debtor Andrew William Shirley ("Debtor") appeals the January 12, 2012 order of the bankruptcy court[1] sustaining the chapter 7 trustee's objection to Debtor's claimed homestead exemption. We affirm.

BACKGROUND

In March 1995, Debtor and his spouse purchased a house on Southwest 16th Street in Des Moines, Iowa.[2] Debtor formally declared this house was his homestead. Debtor lived there with his spouse and children until October 2007.

In June 2005, Wells Fargo Bank commenced foreclosure proceedings against Debtor's mother's house on Kendallwood Circle in Des Moines, Iowa. In November 2005, Debtor purchased his mother's house from the bank, using funds his mother gave him from a trust that was created upon his father's death.[3] Debtor's mother has lived in the house on Kendallwood Circle, which is two-and-a-half miles from the house on Southwest 16th Street, since 1974.

In June 2007, Debtor's spouse commenced divorce proceedings in state court. In October 2007, in compliance with the divorce court's order directing him to vacate the house on Southwest 16th Street, Debtor moved into the house on Kendallwood Circle and resided there with his mother.

---

[1]The Honorable Lee M. Jackwig, Chief Judge, United States Bankruptcy Court for the Southern District of Iowa.

[2]Debtor and his spouse agreed to purchase the house for $60,000.00 on a contract for deed with Debtors' parents. They never paid the $60,000.00.

[3]The family's original intent was to transfer ownership of the house on Kendallwood Circle to the trust. That never occurred.

In late December 2008 and again in early January 2009, while a creditor was attempting to enforce a judgment against him, Debtor formally declared the house on Kendallwood Circle was his homestead. Debtor did not discuss these declarations with his spouse or obtain her consent to change the family homestead.

Debtor's divorce was finalized on April 22, 2009. That same day, in compliance with the divorce court's decree of dissolution, Debtor quitclaimed his interest in the house on Southwest 16th Street to his former spouse. Debtor's former spouse in turn quitclaimed any interest she may have had in the house on Kendallwood Circle–which was titled only in Debtor's name–to Debtor.

On May 11, 2009, Debtor filed a petition for relief under chapter 7 of the bankruptcy code and claimed the house on Kendallwood Circle exempt as his homestead under Iowa Code § 561.2.[4] Donald F. Neiman, the chapter 7 trustee at the time,[5] timely objected to Debtor's claimed homestead exemption, arguing because Debtor had not acquired the house on Kendallwood Circle with the proceeds from an "old" homestead, it could be sold pursuant to Iowa Code § 561.21 to satisfy debts that were contracted prior to its acquisition. In response, Debtor argued under Iowa Code § 561.20, he had the right to change the "metes and bounds" of his homestead and transfer his homestead rights to the new property.

Following an evidentiary hearing on February 4, 2010, the bankruptcy court took the matter under advisement. On Trustee Smith's motion–based on Debtor's allegedly inconsistent testimony at the September 10, 2010 trial in an adversary proceeding (09-30099) in his mother's chapter 7 bankruptcy (09-02206)–the

---

[4]In reality, Iowa Code § 561.2 is only a *limitation* on the extent and value of a homestead. The actual homestead exemption is set forth in Iowa Code § 561.16.

[5]On May 19, 2011, the United States Trustee appointed Charles L. Smith to succeed Trustee Neiman.

bankruptcy court re-opened the record and held a continued hearing on January 12, 2012. After hearing the testimony of Debtor, his uncle, and his mother and receiving various exhibits, the bankruptcy court ruled from the bench and memorialized its decision in a docket text order sustaining the chapter 7 trustee's objection to Debtor's claimed homestead exemption. Debtor timely filed a notice of appeal.

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its legal conclusions *de novo*. *Islamov v. Ungar* (*In re Ungar*), 633 F.3d 675, 678-79 (8th Cir. 2011). More specifically, we review *de novo* the bankruptcy court's interpretation of a statute. *See Ferrell v. West Bend Mut. Ins. Co.*, 393 F.3d 786, 796 (8th Cir. 2005).

## DISCUSSION

Under Iowa law, "[t]he homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary." Iowa Code § 561.16. A homestead may be sold to satisfy debts "contracted prior to its acquisition, but then only to satisfy a deficiency remaining after exhausting the other property of the debtor, liable to execution." Iowa Code § 561.21(1). However,

> [w]here there has been a change in the limits of the homestead, or a new homestead has been acquired with the proceeds of the old, the new homestead, to the extent in value of the old, is exempt from execution in all cases where the old or former one would have been.

Iowa Code § 561.20.

Debtor argues his move from the house on Southwest 16th Street to the house on Kendallwood Circle–over two miles away–was a change in the limits of his homestead. The bankruptcy court correctly concluded otherwise. When he moved,

Debtor did not change the limits, *i.e.*, the boundaries, of his homestead. He claimed an entirely different homestead on Kendallwood Circle, while his spouse and children continued to occupy the family's original homestead on Southwest 16th Street.

In a recent case involving the same Iowa statutes and a similar move from one house to another, the Eighth Circuit Court of Appeals rejected any interpretation of Iowa Code § 561.20 that would extend its protection to debtors who move and claim a new homestead that was not acquired with the proceeds of their old homestead:

> We agree with the bankruptcy court and the [bankruptcy appellate panel] that the plain language of [Iowa Code] § 561.20 limits the "new homestead" exemption to cases where, in the words of the statute, "a new homestead has been acquired with the proceeds of the old."

*Walters v. Bank of the West* (*In re Walters*), 675 F.3d 1142, 1145 (8th Cir. 2012). The court of appeals did not directly address the "change in the limits" argument Debtor raises in this appeal. The absence of any such discussion is telling: Had the court of appeals–in its *de novo* review of the bankruptcy court's and the bankruptcy appellate panel's interpretation of Iowa Code § 561.20–considered a move from one house to another to be a change in the limits of the debtor's homestead, the debtor in *Walters* would have prevailed. She did not prevail, however, because the court of appeals instead considered such a move to be an acquisition of a new homestead. Consequently, Debtor's argument fails. When he moved from the house on Southwest 16th Street to the house on Kendallwood Circle, Debtor did not change the limits of his homestead; he acquired a new homestead.

Alternatively, Debtor also argues he acquired the house on Kendallwood Circle with the proceeds of the house on Southwest 16th Street. The bankruptcy court correctly found otherwise. The record is abundantly clear: Debtor acquired the house on Kendallwood Circle in November 2005–while he still owned and was still living with his spouse and children in the house on Southwest 16th Street–using funds his

mother gave him from a trust that was created upon his father's death; Debtor did not sell the house on Southwest 16th Street; and he did not exchange it for the house on Kendallwood Circle.

The bankruptcy court identified debts Debtor incurred prior to October 2007, when the house on Kendallwood Circle became his homestead. Debtor has not challenged that finding on appeal. Pursuant to Iowa Code § 561.21(1), therefore, the house on Kendallwood Circle may be sold to satisfy those debts, notwithstanding Debtor's claimed homestead exemption.

CONCLUSION

For the foregoing reasons, we affirm the bankruptcy court's order sustaining the chapter 7 trustee's objection to Debtor's claimed homestead exemption.

---